IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT LAMONT PENNINGTON, JR., )
)
        **Plaintiff,** )
)
vs. ) Case No. 19-cv-228-SMY
)
)
MARK FLACK, )
CITY OF EFFINGHAM, )
TOM WILLARD, )
CITY OF COLLINSVILLE, )
and ILLINOIS STATE POLICE )
DEPARTMENT, )
)
        **Defendants.** )

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Robert Lamont Pennington, Jr., a pretrial detainee currently being held at Jerome Combs Detention Center, brings this action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint raises potential claims related to two January 23, 2018 traffic stops.[1] However, Plaintiff has submitted an incomplete Complaint, making it difficult to assess his proposed claims. Specifically, Plaintiff fails to provide complete allegations regarding the second traffic stop. As to the second traffic stop, Plaintiff indicates that he would explain how it violated his constitutional rights, but to do so would "take additional paper and the instruction[s] say make it brief". (Doc. 1, p. 8). This statement suggests that Plaintiff

---

[1] Plaintiff's Complaint indicates that he is currently detained on charges related to those stops. Thus, even if Plaintiff's claims are viable, he cannot raise the claims in federal court while the criminal case is still ongoing under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971 *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013). The claims would remain stayed until the conclusion of the state criminal proceedings. *Id.*

1

misunderstood the Court's Civil Rights Complaint Form, which directs litigants to "briefly" state the facts. As it appears Plaintiff was confused by the directions and failed to submit a complete Complaint as a result, the Court will defer screening the Complaint pursuant to 28 U.S.C. § 1915A and will give Plaintiff an opportunity to submit an amended complaint that completely sets forth the basis for his claims. If Plaintiff chooses not to submit an amended complaint as set forth below, the Court will proceed with screening the instant Complaint.

Accordingly, Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **June 28, 2019**. Should Plaintiff choose not to file an amended complaint within the allotted time, the Court will review Plaintiff's claims as stated in his original complaint.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am*., 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. To assist Plaintiff in drafting his First Amended Complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form for use in preparing the First Amended Complaint.

**IT IS SO ORDERED.**

**DATED: 5/31/2019**

*/s/ Staci M. Yandle*
**United States District Judge**