**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ROBERT LAMONT PENNINGTON, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 19-cv-228-SMY** |
| | ) | |
| | ) | |
| **MARK FLACK,** | ) | |
| **TOM LILLARD,** | ) | |
| **and ILLINOIS STATE POLICE** | ) | |
| **DEPARTMENT,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Robert Lamont Pennington, Jr., a pretrial detainee currently being held at Jerome Combs Detention Center, brings this action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Amended Complaint (Doc. 9)[1], Plaintiff alleges Defendants conducted two unconstitutional traffic stops. He asserts claims under the Fourth Amendment.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be

---

[1] Plaintiff initially filed a Complaint on February 19, 2019 (Doc. 1) but the Complaint was incomplete. The Court directed Plaintiff to file an Amended Complaint which he did on June 24, 2019 (Doc. 9).

granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

Plaintiff makes the following allegations in his Amended Complaint (Doc. 9): On January 23, 2018, while traveling on Interstate 57, Plaintiff was pulled over for speeding by Illinois State Trooper Mark Flack. (*Id*. at p. 6). Flack issued Plaintiff a written warning and had Plaintiff get out of the vehicle for a prolonged stop. Flack had no reason to detain Plaintiff after he issued the written warning.

After Plaintiff was released from the first stop, Illinois State Trooper Tom Lillard received information from Flack about Plaintiff. (Doc. 1, p. 6). Lillard initiated another traffic stop of Plaintiff which lacked reasonable suspicion as he acted only on Flack's statements and no other information. Lillard informed Plaintiff that he had made an improper lane change. Plaintiff's rights under the Fourth Amendment were violated by both Flack and Lillard.

## Discussion

Based on the allegations in the Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following Counts:

**Count 1:**      **Mark Flack unreasonably prolonged the January 23, 2018 traffic stop in violation of the Fourth Amendment.**

**Count 2:**      **Tom Lillard made a pre-textual traffic stop in violation of the Fourth Amendment.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the**

**Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

### Preliminary Dismissals

Plaintiff cannot maintain his lawsuit against the Illinois State Police because it is a state agency. "Neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). *See also Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir.2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Moore v. Ill. State Police*, No. 01 C 7231, 2001 WL 1636920, at * 2 (N.D. Ill. Dec. 20, 2001) (the Illinois State Police is a state agency treated the same as the state itself for purposes of Eleventh Amendment immunity). Accordingly, the Illinois State Police is **DISMISSED from this action with prejudice**.

### Count 1

Plaintiff adequately states a claim against Mark Flack for unreasonably prolonging the traffic stop on January 23, 2018. *Illinois v. Caballes*, 543 U.S. 405, 407 (2005) ("A seizure that is justified solely by the interest in issuing a warning ticket to the driver can become unlawful if it is prolonged beyond the time reasonably required to complete that mission."); *United States v. Martin*, 422 F.3d 597, 601-2 (7th Cir. 2005).

### Count 2

The Fourth Amendment prohibits unreasonable searches and seizures, and a traffic stop is a seizure of a person for Fourth Amendment purposes. *Huff v. Reichert*, 744 F.3d 999, 1004 (7th Cir. 2014). The seizure is permissible if an officer has "a reasonable, articulable suspicion that

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

criminal activity is afoot." *United States v. Lawshea*, 461 F.3d 857, 859 (7th Cir. 2006). Additionally, "[t]he Fourth Amendment permits pretextual traffic stops as long as they are based on an observed violation of a traffic law." *Huff*, 744 F.3d at 1004 (citing *Whren v. United States*, 517 U.S. 806, 810 (1996)); *Carmichael v. Village of Palatine*, 605 F.3d 451 (7th Cir.2010) (probable cause exists for stop if traffic violation observed); *Schor v. City of Chicago*, 576 F.3d 775, 779 (7th Cir.2009) ("If the police officer has an objectively reasonable basis to believe that a traffic law has been violated, then he or she has probable cause to make a traffic stop."). Here, Plaintiff alleges that Lillard lacked any suspicion for pulling him over on the second stop. Thus, at this early stage, the Court finds that Plaintiff states a claim for a Fourth Amendment violation related to Lillard's stop of Plaintiff.

### Motion for Counsel

As to Plaintiff's Motion for Counsel (Doc. 4), Plaintiff fails to indicate whether he has tried to obtain an attorney on his own. As such, the Court is unable to determine whether Plaintiff has made a *reasonable* attempt to obtain counsel. *See Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007) (articulating test for recruiting counsel). Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. Plaintiff should also include in his motion a specific statement as to why he believes recruitment of counsel is necessary in his case. Plaintiff's Motion for Counsel (Doc. 4) is **DENIED without prejudice**.

## Disposition

**IT IS HEREBY ORDERED** that Count 1 shall proceed against Mark Flack and Count 2 shall proceed against Tom Lillard. The Illinois State Police is **DISMISSED with prejudice** and the Clerk is **DIRECTED** to terminate the party from the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Mark Flack and Tom Lillard: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if a defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

**Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

It is hereby **ORDERED** that this case be randomly assigned to a United States Magistrate Judge for disposition of non-dispositive pretrial matters and dispositive matters on an R&R basis pursuant to 28 U.S.C. Sec. 636(b)(1)(A) and (B). The assigned Magistrate Judge shall address scheduling and discovery matters as soon as practicable. Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. Sec. 636(c), if all parties consent to such a referral.

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 9/25/2019**

_s/Staci M. Yandle_____
**STACI M. YANDLE**
**United States District Judge**

## <u>Notice to Plaintiff</u>

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**