IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT LAMONT PENNINGTON, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-CV-228-MAB |
| ) | |
| MARK FLACK, and ) | |
| JOHN TOM LILLARD ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Currently before the Court is Defendants' Motion to Stay (Doc. 29). As explained below, the motion is granted because Plaintiff currently faces federal criminal charges for the same incidents underlying Plaintiff's complaint in this Court. *See USA v. Pennington, Jr.*, C.D. Ill. Case Number 2:18-cr-20021-CSB-EIL.[1]

### Background and Plaintiff's Allegations

The current case and Plaintiff's pending criminal prosecution both revolve around two traffic stops that occurred on January 23, 2018 (Docs. 1, 9, 10). On that date, Plaintiff was driving northbound on Interstate 57 near Effingham, Illinois, when he was initially

---

[1] The Court takes judicial notice of Plaintiff's ongoing criminal case: *USA v. Pennington, Jr.*, C.D. Ill. Case Number 2:18-cr-20021-CSB-EIL. FED. R. EVID. 201; *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 943 (7th Cir. 2012) (affirming the district court's decision to reference documents such as an indictment and plea agreement because they were indisputable facts within the public domain and furthered the cases procedural narrative); *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994) (courts may take judicial notice of matters of public record, including public court documents).

pulled over for speeding by Defendant Mark Flack, an Illinois State Trooper (Doc. 9, p. 6). It is alleged that Defendant Flack had Plaintiff exit his vehicle and answer many questions, creating a prolonged stop (*Id.*). Ultimately, Plaintiff only received a written warning.

Following the first stop, Defendant Flack contacted Defendant John Tom Lillard—an Illinois State Trooper located further north on Interstate 57 within Douglas County, Illinois—and gave him a "heads up" about Plaintiff (Doc. 9, p. 6). Subsequently, Defendant Lillard identified Plaintiff's vehicle traveling northbound on Interstate 57 and pulled out to follow him. Roughly four miles later, Defendant Lillard stopped Plaintiff for an improper lane change (*Id.*; Doc. 1, p. 7). Based on drugs recovered during the second stop, Plaintiff was indicted in the Central District of Illinois on May 2, 2018 for Possession of Crack Cocaine with the Intent to Distribute. *USA v. Pennington, Jr.*, C.D. Ill. Case Number 2:18-cr-20021-CSB-EIL, Doc. 10.

In his criminal case, Plaintiff filed a Motion to Suppress Evidence obtained during or resulting from the two traffic stops. *USA v. Pennington, Jr.*, C.D. Ill. Case Number 2:18-cr-20021-CSB-EIL, Doc. 15. The Motion to Suppress was denied by District Judge Sara Darrow on September 17, 2018. *Id.* at Doc. 24, pg. 140-44. Significantly, Judge Darrow held that both stops were permissible. *Id.* Specifically, Judge Darrow stated that the second stop was by the book because Defendant Lillard had observed independent probable cause of a traffic violation. *Id.* at pg. 141.

On February 19, 2019, while Plaintiff's criminal case was ongoing, Plaintiff filed this civil suit in the Central District of Illinois challenging the constitutionality of the two

traffic stops. (Docs. 1, 9). On February 20, 2019, the Central District of Illinois transferred the case to the Southern District of Illinois (Docs. 5, 6). Plaintiff then filed the operative Amended Complaint on June 24, 2019 (Doc. 9). Following a threshold review of the complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was permitted to proceed on a claim that Defendant Flack unreasonably prolonged the first traffic stop in violation of the Fourth Amendment (Count 1), and a claim that Defendant Lillard lacked reasonable suspicion for the second stop and that the stop was a pre-textual traffic stop in violation of the Fourth Amendment (Count 2) (Doc. 10). Finally, on December 30, 2019, Defendants filed the current Motion to Stay. (Doc. 29).

## Analysis

Plaintiff's ongoing criminal case involves the exact same incidents at issue in this civil case. Therefore, Plaintiff's civil claims must be stayed in order to avoid the possibility of this Court and the United States District Court for the Central District of Illinois reaching inconsistent rulings. *See e.g. Rankins v. Winzeler*, No. 02 C 50507, 2003 U.S. Dist. LEXIS 7850 (N.D. Ill. May 9, 2003); *Key v. Romeoville Police Dep't*, No. 15 C 9266, 2016 U.S. Dist. LEXIS 123782 (N.D. Ill. Sep. 13, 2016); *Bey v. United States*, 4:17-CV-141, 2017 WL 497582, at *3 (M.D. Pa. Feb. 7, 2017); *Dorcant v. Zanotti*, No. 07-3520, 2008 U.S. Dist. LEXIS 133120, at *4 (D.N.J. Aug. 27, 2008).

In *Rankins,* the United States District Court for the Northern District of Illinois also dealt with a plaintiff bringing constitutional claims while his federal criminal proceedings were ongoing. In unequivocal terms, the court stated:

> A criminal defendant may not utilize constitutional tort litigation to

> supplement -- or sidetrack -- the criminal proceedings. Parallel civil and criminal proceedings create the possibility of inconsistent rulings. Even if both proceedings are assigned to the same judge, there is the matter of the timing and appealability of the respective rulings. A criminal defendant may raise Fourth Amendment objections to his arrest and search in pretrial motions, but must wait until final judgment to appeal the ruling. If a district court proceeded to decide the same constitutional issues in a separate civil suit, it could result in an appeal from the judgment (or an interlocutory appeal of the denial of qualified immunity) while criminal proceedings were pending. There is also the problem of pretrial discovery. A party to a federal civil suit is permitted much more extensive discovery than a federal criminal defendant. Congress hardly intended to permit criminal defendants to circumvent the Federal Rules of Criminal Procedure by suing the police or prosecutor.

*Rankins*, 2003 U.S. Dist. LEXIS 7850, at *18. When the Northern District of Illinois was faced with the same issue thirteen years later in *Key*, the court cited *Rankins* and again emphasized avoiding the potential for inconsistent rulings. *See Key*, 2016 U.S. Dist. LEXIS 123782, at *13 ("Given the posture of the ongoing criminal proceedings, the Court finds that it would not be prudent to decide these arguments on the merits at this time.").

In a similar context, the United States Supreme Court and the Seventh Circuit have both explained the importance of federal courts not undermining ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971); *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) (applying *Younger* to the plaintiff's constitutional claims involving illegal searches, seizures, and detentions). Although *Younger* and *Gakuba* dealt with ongoing state proceedings, this Court sees no reason why their underlying concerns would not extend to federal criminal proceedings. Were this case to immediately continue, the same concerns would exist about undermining the ongoing criminal proceeding and calling

the validity of the proceeding into question.[2]

Consequently, the Motion to Stay (Doc. 29) is **GRANTED**. The stay shall remain in effect until Plaintiff's criminal case is fully resolved. Within 15 days of the entry of judgment in the criminal proceeding, the parties are **ORDERED** to notify the Court of said judgment and whether Plaintiff filed a notice of appeal.

In light of the stay, Plaintiff's motion for appointment of counsel (Doc. 18) is **DENIED without prejudice.** Plaintiff can renew his motion for counsel after the stay is lifted.

**IT IS SO ORDERED.**

**DATED:  June 1, 2020**

s/ Mark A. Beatty  
**MARK A. BEATTY**  
**United States Magistrate Judge**

---

[2] After the criminal case is resolved, Defendants can file a motion seeking to bar Plaintiff's claims pursuant to *Heck v. Humphreys*, 512 U.S. 477 (1994), if appropriate. However, "Heck does not apply absent a conviction." *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013).